IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RAJU NEAPOLLIOUN**                                                    **PLAINTIFF**

**VS.**            **CIVIL ACTION NO. 2:24-cv-137-KS-MTP**

**FORREST COUNTY SHERIFF'S DEPARTMENT,** *et al.*     **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to serve Defendants Kelby Lewis and Omer Moore. For the reasons set forth herein, the undersigned recommends that that Plaintiff's claims against Lewis and Moore be dismissed without prejudice.

On September 3, 2024, Plaintiff filed this action against Defendants Lewis, Moore, and Forrest County Sheriff's Department. *See* Complaint [1]. Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Accordingly, the deadline for Plaintiff to serve Defendants ran on December 2, 2024.

On December 4, 2024—after Plaintiff had failed to serve Defendants—the Court entered an Order [2] directing Plaintiff to serve Defendants and file proof of service by December 18, 2024. Plaintiff did not serve Defendants by December 18, 2024, but on January 3, 2025, Plaintiff filed a Motion for Extension of Time [3], seeking fourteen additional days to serve Defendants. In the Motion [3], Plaintiff asserted that service had not been completed due to "inadvertence of counsel."

The Court granted the Motion [3] and directed Plaintiff to serve Defendants and file proof

1

of service by January 21, 2025. *See* Order [4]. The Court warned Plaintiff that if service upon any Defendant is not perfected and proof thereof filed with the Court by January 21, 2025, the unserved Defendant may be dismissed without prejudice and without further notice. *Id*.

Plaintiff served Defendant Forrest County Sheriff's Department, which filed an Answer [10] on February 10, 2025. However, Summons Returns [8] [9], which were filed of record on January 21, 2025, reflect that neither Lewis nor Moore have been served. The record does not reflect any further attempts to serve Lewis or Moore.

Plaintiff has failed to properly serve Defendants Lewis and Moore by the deadline to do so, as extended by the Court. The Court warned Plaintiff that any unserved Defendant would be dismissed if he failed to properly serve the Defendant, and Plaintiff has not shown good cause for another extension of time to serve Defendants. Thus, Defendants Lewis and Moore should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

## RECOMMENDATION

As Plaintiff has failed in his obligation to properly serve Defendants Kelby Lewis and Omer Moore, the undersigned recommends that Plaintiff's claims against Lewis and Moore be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed

findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 3rd day of March, 2025.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE