IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RAJU NEAPOLLIOUN**                                                                                                   **PLAINTIFF**

v.                                                                                         CIVIL ACTION NO. 2:24-cv-137-LG-MTP

**FORREST COUNTY SHERIFF'S DEPARTMENT**                                                   **DEFENDANT**

**<u>ORDER</u>**

THIS MATTER is before the Court on the Motion to Withdraw as Counsel [22] filed by Plaintiff's counsel, Honorable Trent Walker ("Walker") and the Motion to Continue [24] filed by Defendant Forrest County Sheriff's Department.

In the Motion to Withdraw [22], Walker seeks to withdraw as counsel for Plaintiff Raju Neapollioun. Along with the Motion [22], Walker provides a letter from Latarran Young, Neapollioun's purported "Power of Attorney," dismissing Walker as counsel for Neapollioun.

Because Neapollioun had not joined the Motion [22] at the time it was filed as provided by L.U. Civ. R. 83.1(b)(3), the Court provided Neapollioun an opportunity to respond to the Motion [22]. *See* Order [23].[1]  Thereafter, Neapollioun responded to the Motion [22] by filing correspondence he sent to Walker on November 3 and 7, 2025, stating that he consents to the withdrawal and that Walker's legal services are no longer needed. *See* Responses [26] [27].

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).  The determination of whether to grant an attorney's motion to withdraw is a "matter

---

[1] The Court also noted that even if Young has been given power of attorney, Young may not represent Neapollioun in this action unless Young is a licensed attorney at law. *See Gonzales v. Wyatt,* 157 F.3d 1016, 1021 (5th Cir.1998); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978); *Mosley v. Bowie Cnty. Tex.*, 275 F. App.x 327, 328 (5th Cir. 2008).

entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Id*.  The Court finds good cause for withdrawal.

In its Motion to Continue [24], Defendant requests that the Court continue the trial and remaining case deadlines.  The Court finds good cause to grant this Motion [24].

IT IS, THEREFORE, ORDERED that:

1. The Motion to Withdraw as Counsel [22] is GRANTED.  Trent Walker is terminated as counsel of record for Neapollioun.

2. Neapollioun is granted until January 8, 2026, to obtain substitute counsel and have counsel enter an appearance in this matter **or** to advise the Court **in writing** that he intends to proceed without an attorney.

3. Neapollioun's failure to obtain counsel or to inform the Court of his intention to proceed without an attorney may result in the dismissal of his claims with prejudice or otherwise adversely affect his rights.

4. The Motion to Continue [24] is GRANTED.

5. The discovery deadline and any unexpired deadlines set in the Case Management Order [16] are hereby suspended pending further order of the Court.

6. The Clerk of Court is directed to forward a copy of this Order to Neapollioun at the following address:

   P.O. Box 1225
   Raleigh, MS
   39153

7. Unless and until new counsel appears for Neapollioun, all future notices and filings should be mailed to him at the above address.

8. Neapollioun is obligated to notify the Court of any change of address.  The failure of Neapollioun to notify the Court of a change of address or comply with this or any order of the Court may result in the dismissal of his claims.

SO ORDERED this the 11th day of December, 2025.

                                                     s/Michael T. Parker
                                                     UNITED STATES MAGISTRATE JUDGE